IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT )<br>OF OSAGE MARINE SERVICES, INC. )<br>FOR EXONERATION FROM, OR )<br>LIMITATION OF, LIABILITY. ) | Case No.: 21-cv-347 |

## COMPLAINT

Plaintiff Osage Marine Services, Inc. ("Plaintiff" or "Osage") submits the following as its Complaint in Admiralty seeking exoneration from, or limitation of, liability:

1. This action arises under the laws of the United States providing for limitation of a vessel owner's liability, 46 U.S.C. § 30501 - § 30512, and the various statutes, rules and regulations relating thereto. It is a cause of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This Court has jurisdiction pursuant to 28 U.S.C. §1333.

2. At all material times, Plaintiff was a corporation duly organized under the law, and the owner or owner *pro hac vice* of the Motor Vessel RAIN MAN.

3. At all material times, including the present, the M/V RAIN MAN was and is within this judicial district.

4. On December 15, 2019, Osage employed Casey Redmond as a deckhand. While working that day as a member of the crew of the M/V RAIN MAN, Redmond fell into the Mississippi River at approximately Mile 172.

5. On June 17, 2020, the Circuit Court of Saint Louis County, Missouri ordered the state registrar to issue a presumptive death certificate for Redmond, identifying the date of presumed death as December 15, 2019.

Page **1** of **5**

6. In a letter dated March 2, 2021, attorney Patrick Bader notified Osage that he had been retained by Candace Love, Redmond's mother, "with regard to the wrongful death of her son…."

7. At this time, Osage is not aware of any lawsuit being filed against it as a result of the events of December 15, 2019.

8. Redmond's death was neither caused nor contributed to be caused by any fault, error, omission, negligence, unseaworthiness, or other fault of Osage or the M/V RAIN MAN, nor any person or entity for which Osage or the M/V RAIN MAN is responsible.

9. Redmond's death was occasioned and occurred without fault of Osage and without privity or knowledge of Osage.

10. The M/V RAIN MAN has not been attached or arrested in any suit brought in connection with any claim arising out of the aforementioned incident.

11. Osage believes that the value of the M/V RAIN MAN, including its rigging, equipment, freight (if any), and appurtenances, on December 15, 2019, did not exceed the sum of two million dollars ($2,000,000.00).

12. The claims asserted against Osage arising out of the aforementioned incident could exceed the value of the M/V RAIN MAN.

13. Osage claims and seeks exoneration from liability for any loss, injury, or damage occasioned or incurred by reason of the aforementioned incident involving the death of Redmond, and further alleges that it has valid defenses to those claims on the facts and on the law.

14. Alternatively, and without admitting any liability, Osage claims the benefit of

limitation of a vessel owner's liability provided under Title 46, United States Code, § 30505, and of the various statutes, rules and regulations supplemental thereto, and amendatory thereof. To that end, Osage is ready and willing to proceed according to law and pursuant to the rules and practices of this honorable Court.

15. This Complaint is filed within six months of the receipt by Osage of a written claim for damages arising out of the incident.

16. Osage alleges that this Complaint for exoneration from, or limitation of, liability asserted herein is also filed on behalf of its insurers, underwriters, and any agents that would be entitled to exoneration from or limitation of liability to the same extent as the owner

17. No unsatisfied liens or claims of lien, or other demands, whether in contract or in tort or otherwise, other than those alleged above, arose from the aforesaid incident.

WHEREFORE, Plaintiff prays that:

a) This Court shall in due course cause appraisal to be made of the value of Plaintiff's interest in the M/V RAIN MAN after the aforesaid incident on December 15, 2019;

b) This Court, upon written motion, shall enter an order directing Plaintiff to post appropriate security for the value of the M/V RAIN MAN, with a surety approved by the Court, for payment to the Court of the amount of the interest of Plaintiff in the M/V RAIN MAN whenever the Court shall so order;

c) This Court, upon written motion, shall enter an Order directing that on the giving of such security for the value of the M/V RAIN MAN as may be determined to be proper, or of a letter of undertaking or ad interim stipulation as will be offered by

Plaintiff, the institution or further prosecution of any and all actions, suits, and legal proceedings of any nature or description with respect to the matters alleged in this Complaint, in any jurisdiction, except in the present proceeding, against Plaintiff or its agents or representatives, or any other person for whom Plaintiff is or may be responsible, or against any of the property of Plaintiff, including, but not limited to, the M/V RAIN MAN, to recover damages caused by or resulting from said incident, or in respect of any claim or claims arising out of or resulting from said incident, shall be enjoined until the hearing and determination of this proceeding;

      d)      This Court, upon written motion, shall enter an Order directing the issuance of a notice to all persons claiming damage for any and all loss, damage, expenses, or injuries caused by or resulting from the aforesaid incident, citing them and each of them to appear and make due proof of their respective claims, and all to appear and answer the allegations of this Complaint on or before a date set forth in said Notice;

      e)      This Court in this proceeding will adjudge that:

      (i)      Plaintiff and the M/V RAIN MAN are not liable to any extent for any loss, damage, death, or injury, nor for any claims whatsoever in any way arising out of aforesaid incident or voyage alleged in this Complaint, and, therefore, Plaintiff and the M/V RAIN MAN are entitled to a decree of exoneration in this matter;

      (ii)      If Plaintiff shall be adjudged liable to any extent in the premises, then the liability of Plaintiff shall be limited to the value of the M/V RAIN MAN immediately following the incident, and that a decree may be entered discharging

Plaintiff and the M/V RAIN MAN from all further liability and further enjoining the filing and prosecution of any claim against either Plaintiff and/or the M/V RAIN MAN related to the incident alleged in this Complaint; and

f) Plaintiff and the M/V RAIN MAN may have such other and further relief as may be just and proper.

Respectfully submitted,

GOLDSTEIN AND PRICE, L.C.
and Neal W. Settergren #50721MO
and Giles B. Howard #67215MO

By: /s/ Giles B. Howard
One Memorial Drive, Suite 1000
St. Louis, Missouri 63102
314-516-1700 (phone)
314-421-2382 (fax)
neal@gp-law.com
giles@gp-law.com

*Counsel for Osage Marine Services, Inc.*