UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE ) | |
| COMPLAINT OF OSAGE MARINE ) | |
| SERVICES, INC. FOR ) | Case No. 4:21 CV 347 RWS |
| EXONERATION FROM, OR ) | |
| LIMITATION OF LIABILITY ) | |

## **MEMORANDUM AND ORDER**

This matter is before me on the Claimant's motion to Dissolve the Court's Restraining Order. ECF No. [9]. The Order entering a Fed. R. Civ. P. Supplement Rule F injunction was issued on April 13, 2021. ECF No. [6]. The claimant seeks to dissolve the injunction so she can prosecute her claim under the Jones Act and maritime law in the forum of her choosing. For the reasons discussed below, I will grant her motion.

## BACKGROUND

Plaintiff, Osage Marine Services, Inc. (Osage), owns the M/V Rain Man. On December 15, 2019, the M/V Rain Man was near Mississippi Mile 172 when Casey Redmond, a member of the crew, fell into the Mississippi. On June 17, 2020 the Circuit Court of Saint Louis County, Missouri ordered the state registrar to issue a presumptive death certificate. On March 2, 2021, the Claimant Love, Mr. Redmond's mother, notified Osage of a potential wrongful death claim by

letter. Plaintiff then filed this action for exoneration from or limitation of liability pursuant to 46 U.S.C. § 30501-30512.

Claimant Love now seeks to dissolve the restraining order so she may file her claim in the forum of her choosing under the single claimant exception to this court's exclusive jurisdiction. Plaintiff opposes Claimant's motion because she does not have standing and because her stipulations are not sufficient to protect Osage's rights under the Limitation Act.

## DISCUSSION

"Congress passed the Limitation Act in 1851 to encourage ship-building and to induce capitalists to invest money in this branch of industry. The Act also had the purpose of putting American shipping upon an equality with that of other maritime nations that had their own limitation acts." Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 446–47, 121 S. Ct. 993, 148 L. Ed. 2d 931 (2001). The act assures vessel owners "that the liability for any damage arising from a disaster at sea which is occasioned without the privity or knowledge of the shipowner shall in no case exceed the value of the vessel at fault together with her pending freight…" Helena Marine Serv., Inc. v. Sioux City & New Orleans Barge Lines, Inc., 564 F.2d 15, 17–18 (8th Cir. 1977) (citing Lake Tankers Corp. v. Henn, 354 U.S. 147, 150, 77 S. Ct. 1269, 1 L. Ed. 2d 1246 (1957)). The Act also allows the federal "court to enjoin further prosecution of any action or proceeding against the

plaintiff or the plaintiff's property with respect to any claim subject to the limitation in the action." Fed. R. Civ. P. Supp. R. F(3).

When deciding whether to dissolve the injunction in a Limitations Proceeding to allow claimants to pursue claims outside of the proceeding, the court has broad equitable discretion. But generally courts recognize two exceptions to the Limitations proceeding: (1) where there is a single claimant whose claims cannot exceed the value of the limitations fund, and (2) where there are multiple claimants, but aggregate total of the claims is below the value of the limitations fund. In the Matter of the Complaint of Brennan Marine, Inc., No. 13-CV-2743 (PJS/SER), 2014 WL 12647742, at *4 (D. Minn. July 1, 2014). In this case the Claimant is arguing that she falls within the single claimant exception.

## Standing

Before I discuss whether it is appropriate to dissolve the restraining order and allow Claimant Love to resolve her claim in the forum of her choosing, I must first address her standing. The Limitation Act did not establish procedures for implementing the proceedings required under the Act, so the Supreme Court enacted rules to establish a procedure. In re Am. River Transp. Co., 728 F.3d 839 (8th Cir. 2013). These rules were amended and relabeled numerous times and were eventually adopted as Rule F of the Federal Rules of Civil Procedure. Id. Under Rule F(5), any claimant who wishes to contest a vessel owner's right to

exoneration or limitation of liability, must file a claim and answer, unless the claim has included the answer. The Eighth Circuit has held that Rule F(5) creates a statutory standing requirement for challenging limitations actions. Id. Therefore, in order to challenge the injunction entered in this case, the Claimant must file both an answer and a claim.

Petitioner in this case argues that Plaintiff failed to file a claim under Rule F. Plaintiff states that Claimant Love "has not filed a Proof of Claim in accordance with Rule F(5), which requires that "[e]ach claim shall specify the facts upon which the claimant relies in support of the claim, the items, thereof, and the dates on which they accrued.'" Pl.'s Resp. in Opp'n to Mtn to Dissolve, ECF No. [11] at 2 (citing Fed. R. Civ. P. Supp. F(5)). Plaintiff indicates that the notice of claim Claimant Love filed with her answer is lacking, but Plaintiff does not specify what specific information is missing or what additional information would be needed for Claimant's notice of claim to satisfy Rule F(5). Claimant on the other hand argues that her notice of claim satisfies Rule F(5) and Plaintiff is arguing for form over function.

Although the Eighth Circuit has held that a Claimant must file a claim to have standing, the case law focuses on a claimant's failure to file a claim rather than the adequacy of the claim. see e.g. In re American River Transp. Co., 728 F.3d 839; In re Fun Time Boat Rental & Storage, LLC, 431 F. Supp. 2d 993, 998–

1000 (D. Ariz. 2006); In the Matter of Tappan Zee Constructors, LLC, No. 117CV00168MADCFH, 2018 WL 1183711, at *2–3 (N.D.N.Y. Mar. 6, 2018).  In this case, the Claimant filed a notice of claim, but Plaintiff argues it is inadequate. However, in light of the liberal pleading standards and review of claims filed in similar case.  I find the notice of claim sufficient to establish standing. See In re Fun Time Boat Rental & Storage, LLC, 431 F. Supp. 2d at 998–1000; In the Matter of Osage Marine Services, Inc., No. 4:15-cv-856-ERW, Clm's Answer, ECF No. [10]; In the Matter of Osage Marine Services, Inc., No. 4:15-cv-11458-JAR, Clm's Answer, ECF No. [34].  Claimant Love's notice of claim provided the date the claim accrued, her allegation that due to the Plaintiff's negligence, her son fell off of the M/V Rain Man, and her status as the only surviving parent.

Plaintiff also challenges the validity of the claim because Claimant does not indicate she is the personal representative of her son's estate. Plaintiff's argument is based on the premise that the only entity permitted by the applicable law to assert a lawful claim on behalf of a deceased seaman is the personal representative of the seaman. Pl.'s Resp. in Opp'n to Mtn to Dissolve, ECF No. [11] at 2. But this is a question on the merits. It is clear that only one claim exists. When the Claimant brings the wrongful death claim in the forum of their choosing, that forum upon dissolution of the injunction will be as capable of sorting through the entitlement of Claimant and the nature of relief as this court. See In re Massman,

No. 4:12-CV-01665, 2013 WL 718885, at *6 (E.D. Mo. Feb. 27, 2013); Jefferson Barracks Marine Serv., Inc. v. Casey, 763 F.2d 1007, 1009 (8th Cir. 1985).

Dissolution of Restraining Order and Stipulation

Plaintiff also argues the Claimants stipulations are not sufficient to satisfy the requirements of the single claim exception. Specifically, the Plaintiff objects to Claimants fourth stipulation. Plaintiff believes it should be amended to make clear that the claimant will not act upon "any judgement," rather than "any judgment in excess of the limitation fund." Although the Plaintiff's concern is well taken, I find the Claimants stipulation sufficient.

Under Universal Towing Co. v. Barrale, "a claimant may pursue his common-law remedies in state court provided he files a stipulation in the district court which concedes that all questions of limitation of liability are reserved for the admiralty court." Universal Towing Co. v. Barrale, 595 F.2d 414, 418 (8th Cir. 1979). "This procedure protects the owner's interest in limiting liability while preserving the claimant's rights under the "saving to suitors: clause, including the right to a jury trial in state court." Id. at 419. Accordingly, the goal of the stipulations is to protect the owner's interest in limiting liability. So long as the Claimant cannot enforce a judgment above the limitations amount until after the limitations of liability case is adjudicated, the Plaintiff's interest is protected.

Additionally, this order will include a stay of entry of judgment and enforcement of recovery, which will provide additional protection for the Plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** Claimant Love's Motion to Dissolve the Restraining Order, ECF No. [9], is **GRANTED**

**IT IS FURTEHR ORDERED** the stay and restraining order entered on April 13, 2021 is dissolved solely to permit claimant to proceed with her claim against Osage Marine Services in the forum of her choosing.

**IT IS FURTHER ORDERED** a stay of entry of judgment and enforcement of recovery in any proceeding pending final judgment in this limitation proceeding is entered.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 6th day of July 2021.