UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE ) | |
| COMPLAINT OF OSAGE MARINE ) | |
| SERVICES, INC. FOR ) | No. 4:21 CV 347 RWS |
| EXONERATION FROM, OR ) | |
| LIMITATION OF LIABILITY. ) | |

## MEMORANDUM AND ORDER

This case arises out of Plaintiff Osage Marine Services, Inc.'s Complaint in Admiralty seeking limitation of liability for the death of its deckhand Casey Redmond.  The case is now before me on a motion for summary judgment filed by Redmond's mother, Claimant Candance Love.  In her motion, Love argues that she is entitled to judgment finding that Osage is not entitled to limitation because it cannot disprove privity to or knowledge of the acts and conditions which caused Redmond's death.  For the reasons discussed below, Love's motion will be denied.

### BACKGROUND[1]

At all times relevant to this case, Osage Marine Services was the owner or owner pro hac vice of the Motor Vessel RAIN MAN.  On December 15, 2019, Osage employed Casey Redmond as a deckhand.  While working that day as a member of the M/V RAIN MAN's crew, Redmond fell into the Mississippi River near mile

---

[1] The information in this section is taken from the undisputed facts in the record and the parties' exhibits and statements of uncontroverted material facts, ECF Nos. 49, 59 & 61, to the extent they are not specifically controverted by the opposing party as required by Local Rule 7–4.01(E).

marker 172.  Redmond did not re-surface after entering the water and his body was never found.  On June 17, 2020, the Circuit Court of Saint Louis County, Missouri ordered the state registrar to issue a presumptive death certificate for Redmond, identifying the date of presumed death as December 15, 2019.

On March 2, 2021, Candace Love, Redmond's mother, notified Osage of a potential wrongful death claim by letter.  Osage then filed this action for exoneration from or limitation of liability pursuant to 46 U.S.C. § 30501–30512 on March 18, 2021.  On April 13, 2021, I entered an injunction pursuant to Rule F of the Supplemental Rules for Admiralty or Maritime Claims restraining the institution or prosecution of any suits, actions, or legal proceedings against Osage or the M/V RAIN MAN arising out of Redmond's death.

On July 6, 2021, I dissolved the Rule F injunction, permitting Love to proceed with her common law claim against Osage in state court.  To obtain dissolution of the injunction, Love stipulated that I retain "sole and exclusive jurisdiction on all matters relating to [Osage]'s Complaint, including [Osage]'s right to a limitation." ECF No. 9-2 at ¶ 2.  She further stipulated that "nothing in any other proceeding, including her wrongful death case against [Osage], will serve as *res judicata* on matters relating to limitation of [Osage]'s liability, which are reserved exclusively for this Court."  ECF No. 9-2 at ¶ 4.

2

After dissolving the Rule F injunction, I granted Love's motion to stay the limitation case until after a decision by the state court. During the state court proceedings, Osage filed a third amended answer admitting that Love "has adduced evidence sufficient to support a finding of liability" on the following allegations of negligence:

a. Osage failed to provide Redmond with a reasonably safe place to work;

b. Osage failed to provide Redmond with reasonably safe conditions for work;

c. Osage failed to provide Redmond with adequate and safe equipment with which to work;

d. Osage failed to provide adequate assistance to perform the job safely;

e. Osage failed to provide Redmond with an adequate, trained, and safe crew;

f. Osage failed to properly rescue Redmond after he fell into the river;

g. Osage failed to provide Redmond with a vessel, equipment, and crew that were seaworthy; and

h. Osage violated applicable Coast Guard regulations, and associated codes, at United States Code Title 46.

ECF No. 48-1 at ¶ 11; ECF No. 48-2 at ¶ 11. Osage's third amended answer further admitted that Love "has adduced evidence sufficient to support a finding of liability" on the following allegations of unseaworthy conditions:

a. Osage's crew assigned to work with Redmond was not reasonably adequate, vetted, tested, trained, or competent for its intended use;

3

   b. Osage's equipment was not reasonably fit for its intended use;
   c. Osage's utilization of its equipment was not reasonably fit for its intended use; and

   d. Osage failed to provide Redmond with reasonably safe conditions for work.

ECF No. 48-1 at ¶ 14; ECF No. 48-2 at ¶ 14.  On March 15, 2023, a jury returned a verdict awarding Love $15,000,000, an amount exceeding the $2,000,000 limitation fund in this case.

In her motion for summary judgment, Love argues that the specific nature of Osage's admissions of liability in state court eliminate any dispute regarding the issue of Osage's privity with the negligent acts and unseaworthy conditions that caused Redmond's death.  As a result, Love argues that Osage is not entitled to limitation.  In response, Osage argues that its admissions in state court are not determinative in this limitation case, that Love's motion is premature, and that the facts demonstrate that Osage lacked privity to or knowledge of the acts and conditions that caused Redmond's death.

**LEGAL STANDARD**

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Cox v. First Nat'l Bank*, 792 F.3d 936, 938 (8th Cir. 2015) (quoting Fed. R. Civ. P. 56(a)).  In ruling on a motion for summary judgment, I must "'view the evidence in the light

4

most favorable to the opposing party' and draw all reasonable inferences in favor of that party." *Id.* (quoting *Tolan v. Cotton*, 572 U.S. 650, 657 (2014)). A party moving for summary judgment bears the initial burden of informing me of the basis for its motion and identifying the portions of the record it believes show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Upon a properly supported motion, the opposing party "must respond by submitting evidentiary materials that set out 'specific facts showing that there is a genuine issue for trial.'" *Togerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (quoting *Celotex*, 477 U.S. at 324)).

## DISCUSSION

The Limitation of Liability Act "allows a vessel owner to limit liability for damage or injury, occasioned without the owner's privity or knowledge, to the value of the vessel or the owner's interest in the vessel." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 446 (2001); 46 U.S.C. § 30523(b).

"A limitation action requires the district court to make a two-step inquiry: (1) negligence or unseaworthiness, and (2) the owner's privity or knowledge of the negligence." *Am. River Transp. Co. v. Paragon Marine Servs., Inc.*, 213 F. Supp. 2d 1035, 1063 (E.D. Mo. 2002) (quoting *Terracciano v. McAlinden Constr. Co.*, 485 F.2d 304, 307 (2d Cir. 1973)), *aff'd* 329 F.3d 946 (8th Cir. 2003). "The burden of proving negligence lies on the person claiming to be injured, but once negligence is

5

established, the vessel owner must prove lack of knowledge or privity to the negligence." *Paragon Marine*, 213 F. Supp. 2d at 1063 (citing *Muer v. Karbel*, 146 F.3d 410, 414 (6th Cir. 1998)).

"Privity generally means some personal participation of the owner in the fault or negligence that caused or contributed to the loss or injury." *In re Am. River Transp. Co.*, 800 F.3d 428, 437 (8th Cir. 2015); *see also In re Signal Int'l*, 579 F.3d 478, 496 (5th Cir. 2009) (citation omitted) (describing privity as "complicity in the fault"); *Skanska USA Civ. Se. Inc. v. Bagelheads, Inc.*, 75 F.4th 1290, 1304 (11th Cir. 2023) (explaining that "the Act limits the liability of vessel owners who were not in some sense responsible for the specific negligent acts or conditions unseaworthiness that caused the incident").

### A. Osage's admissions of liability in state court are not binding on the issue of privity in the federal limitation action.

The savings to suitors clause in 28 U.S.C. § 1333(1) "preserves remedies and the concurrent jurisdiction of state courts over some admiralty and maritime claims." *Lewis & Clark Marine*, 531 U.S. at 445. As a result, claimants may pursue common-law remedies and exercise the right to a jury trial in state court provided that all questions of limitation of liability remain reserved for the admiralty court. *Universal Towing Co. v. Barrale*, 595 F.2d 414, 418 (8th Cir. 1979). Love argues in her motion for summary judgment that it is impossible for Osage to disprove its privity with the

6

negligence or unseaworthy condition that caused Redmond's death because of the nature of the liability admitted by Osage in state court.  However, before I lifted the Rule F injunction permitting Love to proceed with her claims in state court, she stipulated that nothing from the state court proceedings "will serve as *res judicata* on matters relating to limitation of Petitioner's liability."  ECF No. 9-2 at ¶ 4.

In limitation actions, the division of function between the state court and the federal court means that sometimes factual issues determined by the state court must be relitigated in federal court.  As the Eleventh Circuit has explained:

> [I]n order to protect the vessel owner's statutory rights, this latter stipulation [waiving res judicata] must not be interpreted too narrowly.  The damage claimants must agree not only to waive a "res judicata" defense, but must also agree to waive the related defense of issue preclusion with respect to all matters reserved exclusively for determination by the admiralty court.  For example, suppose that the state court holds that a single negligent act attributable to [the vessel owner] caused the accident.  The state court's determination that [the vessel owner] is liable for the accident would be binding in the limitation proceeding, and the admiralty court would determine only whether [the vessel owner] is entitled to limit that liability.  To receive limitation, [the vessel owner] would have to prove that it lacked privity or knowledge of the negligent act.  In litigating this question of [the vessel owner]'s privity or knowledge, [the claimant] may not assert any defense based on issue preclusion.  Thus, it is possible that several factual issues that were determined by the state court in resolving the negligence question would have to be relitigated in the admiralty court in resolving the privity or knowledge question.

*Beiswenger Enters. Corp. v. Carletta*, 86 F.3d 1032, 1044 (11th Cir. 1996).  The Ninth Circuit, too, has reached this conclusion.  In *Port of Pasco v. Pacific Inland Navigation Co.*, the Ninth Circuit reviewed a limitation case in which a state court

7

concluded that a vessel owner's negligence was attributable to management-level personnel.  324 F.2d 593 (9th Cir. 1963).  But even though the vessel owner conceded that the state court's conclusions were binding as to the issue of liability, *id.* at 596, the Ninth Circuit determined that "[t]he state court decision that supervisory personnel were negligent, or that at least some of [the vessel owner]'s personnel were negligent, was not binding on the federal court."  *Id.* at 599.  It explained:

> [T]he decision of the state court on the questions of liability and damages was made binding upon the parties.  But the question of limitation of liability was reserved for determination by the district court.  It follows that the latter court was free to make its own findings and conclusions with regard to whether supervisory personnel were negligent in such manner as to constitute privity and knowledge within the meaning of section 183(a).  If this freedom of action left to the district court means anything, it means that the district court was at liberty to make findings and conclusions which might be expressly or implicitly inconsistent with those made by the state court as a basis for the latter's decision on liability.

*Id.* at 598–99 (stating that "[s]uch a result may be anomalous" but "[i]t is nevertheless a permissible result in view of the stipulation of the parties . . . dividing the decisional function between two trial courts, each being given a free rein in the field assigned to it").  *See generally Bagelheads*, 75 F.4th at 1305 (quoting *Lewis & Clark Marine*, 531 U.S. at 448) ("Make no mistake—'tension exists between the saving to suitors clause and the Limitation Act.'").

8

The question of the vessel owner's privity with the negligence or unseaworthy condition that caused an accident is the core inquiry of the federal court in a limitation proceeding. Determining whether privity exists in a certain case sometimes requires the federal court to make its own conclusions about such negligence or unseaworthiness, even if those issues were already addressed in state court. *See Avera v. Fla. Towing Corp.*, 322 F.2d 155, 158 (5th Cir. 1963) ("For the problem always exists . . . of determining just what specific acts of negligence were committed against which the admiralty court subsequently applies the privity-knowledge yardstick."). In conclusion, Osage's admissions of liability in state court do not make it "apparent that the vessel owner cannot establish a lack of privity of knowledge." *Bagelheads*, 75 F.4th at 1306–07.

### B. Osage's admissions of liability in state court are admissible as evidence in the limitation proceeding.

Osage's admissions of liability in state court were judicial admissions intended to act as a substitute for evidence. ECF No. 60-2 at 2; *see State Farm Mut. Ins. Co. v. Worthington*, 405 F.2d 683, 686 (8th Cir. 1968). When such admissions are introduced into evidence in another proceeding, they "are admissible merely as ordinary admissions against interest that the trier of fact may consider, but which in no way bind the parties making the admissions." *Moore Auto. Grp., Inc. v. Goffstein*, 301 S.W.3d 49, 54 (Mo. banc. 2009) (stating that judicial admissions from prior or

9

separate proceedings "may be explained or contradicted"). As a result, even though Osage's admissions in state court are not binding as to the issue of privity, Love may introduce the admissions as evidence in the limitation proceeding.

## CONCLUSION

For the foregoing reasons, the motion for summary judgment filed by Love will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Claimant Candace Love's motion for summary judgment [47] is **DENIED** without prejudice.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 6th day of June 2024.