UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE ) | |
| COMPLAINT OF OSAGE MARINE ) | |
| SERVICES, INC. FOR ) | No. 4:21 CV 347 RWS |
| EXONERATION FROM, OR ) | |
| LIMITATION OF LIABILITY. ) | |

## MEMORANDUM AND ORDER

This case arises out of Plaintiff Osage Marine Services, Inc.'s Complaint in Admiralty seeking limitation of liability for the death of its deckhand Casey Redmond. The case is now before me on Claimant Candace Love's motion to lift the stay on enforcement of the state court judgment up to $2,000,000. For the reasons discussed below, Love's motion will be denied.

## BACKGROUND

At all times relevant to this case, Osage Marine Services was the owner or owner pro hac vice of the Motor Vessel RAIN MAN. On December 15, 2019, Osage employed Casey Redmond as a deckhand. While working that day as a member of the M/V RAIN MAN's crew, Redmond fell into the Mississippi River near mile marker 172. Redmond did not re-surface after entering the water and his body was never found. On June 17, 2020, the Circuit Court of Saint Louis County, Missouri ordered the state registrar to issue a presumptive death certificate for Redmond, identifying the date of presumed death as December 15, 2019.

On March 2, 2021, Candace Love, Redmond's mother, notified Osage of a potential wrongful death claim by letter. Osage then filed this action for exoneration from or limitation of liability pursuant to 46 U.S.C. § 30501–30512 on March 18, 2021. In its complaint, Osage seeks to limit its liability to the value of the M/V RAIN MAN. Osage claims the M/V RAIN MAN's value does not exceed the sum of $2,000,000. *See* ECF No. 1 at ¶ 11.

On April 13, 2021, I entered an injunction pursuant to Rule F of the Supplemental Rules for Admiralty or Maritime Claims restraining the institution or prosecution of any suits, actions, or legal proceedings against Osage or the M/V RAIN MAN arising out of Redmond's death.

On July 6, 2021, I dissolved the Rule F injunction, permitting Love to proceed with her common law claim against Osage in state court. To obtain dissolution of the injunction, Love filed several stipulations, including that:

1. This Court has sole and exclusive jurisdiction on all matters relating to Osage's Complaint, including Osage's right to a limitation;

2. This Court has sole and exclusive jurisdiction to determine the applicability and amount of any limitation fund;

3. Nothing in any other proceeding, including her wrongful death case against Osage, will serve as *res judicata* on matters relating to limitation of Osage's liability, which are reserved exclusively for this Court; and

4. Any judgment obtained in her wrongful death case in excess of the limitation fund set by this Court will not be acted upon pending this Court's determination of all issues relevant to the limitation of liability.

ECF No. 9-2.

After Love filed her stipulations, Osage objected to the fourth stipulation and argued that it should have been amended to make clear that Love will not act upon "any judgment," rather than "any judgment in excess of the limitation fund." ECF No. 11 at 3–4. Love replied that Osage's concern was illusory "because Claimant is limited to whatever the Court determines the limitation fund is." ECF No. 12 at 3.

On July 6, 2021, I dissolved the Rule F injunction and permitted Love to proceed with her wrongful death claim against Osage in state court. I found that Love's fourth stipulation was sufficient to protect Osage's interest and ordered a stay of entry of judgment and enforcement of recovery in any proceeding pending final judgment in this limitation proceeding.

On March 15, 2023, a jury returned a verdict awarding Love $15,000,000, an amount exceeding the value of the M/V RAIN MAN. On July 26, 2024, Love moved to lift the stay on enforcement of the state court judgment up to $2,000,000.

## LEGAL STANDARD

Under the Limitation of Liability Act, a vessel owner may limit their liability for damage or injury to the value of the vessel and its freight if the damage or injury occurred without the owner's privity and knowledge. *In re Am. River Transp. Co.*, 800 F.3d 428, 432 (8th Cir. 2015) (citing 46 U.S.C. § 30505).

3

Federal courts have jurisdiction over all cases of admiralty and maritime jurisdiction.  *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 443 (2001).  However, the savings to suitors clause in 28 U.S.C. § 1333(1) "preserves remedies and the concurrent jurisdiction of state courts over some admiralty and maritime claims." *Id.* at 445.  As a result, claimants may pursue common-law remedies and exercise the right to a jury trial in state court provided that the district court retains "exclusive jurisdiction to determine all issues affecting the shipowner's right to limit its liability." *Valley Line Co. v. Ryan*, 771 F.2d 366, 373 (8th Cir. 1985) (citations omitted).  This includes the determination of the limitation fund's value. *In re Osage Marine Servs., Inc.*, No. 4:15-cv-00856 ERW, 2015 WL 5178021, at *4 (E.D. Mo. Sept. 4, 2015); *In re Massman*, No. 4:12-cv-01665, 2013 WL 718885, at *5 (E.D. Mo. Feb. 27, 2013).

## DISCUSSION

Given the "tension [] between the saving to suitors clause and the Limitation Act," *Lewis*, 531 U.S. at 448, I permitted Love to proceed with her claims in state court only after she stipulated that this Court retains sole and exclusive jurisdiction on all matters relating to Osage's complaint—including the amount of any limitation fund—and that she would not act upon any judgment obtained in her wrongful death case in excess of the limitation fund.  ECF No. 9-2.  At the time, I acknowledged Osage's concern about the latter stipulation as "well taken" but ruled that the

4

stipulation was sufficient to protect Osage's interest.  ECF No. 13 at 6.  Nonetheless, to provide additional protection for Osage, I ordered a stay of entry of judgment and enforcement of recovery pending final judgment in the limitation proceeding.  *Id.* at 7.  Love's motion seeks to dissolve that protection and lift the stay on enforcement of the state court judgment up to $2,000,000.

Love argues that lifting the stay on enforcement of the state court judgment up to $2,000,000 will not adversely impact Osage's interests because this amount does not exceed the limitation fund.  However, the limitation fund in this case has not yet been determined.  Rather, Osage has deposited security with the Court, *see* ECF No. 4, which may be increased or reduced after determination of the limitation fund.  *See* Fed. R. Civ. P. Supp. R. F(7); *see also* ECF No. 4 at ¶ 5 (stating that Osage's Letter of Undertaking "can be reduced by . . . Order of the Court").  This reflects the regular practice of courts in this district, which allows the party seeking limitation to file an *ad interim* stipulation until the Court either conducts a due appraisement hearing or otherwise sets the value of the vessel in question.  *See In re Am. Milling Co.*, 125 F. Supp. 2d 981, 982 (E.D. Mo. 2001), *rev'd in part on other grounds*, 409 F.3d 1005 (8th Cir. 2005).

Despite Love's arguments in her motion to stay, she does not appear to disagree that the limitation fund's value has not yet been determined.  In response to Osage's motion for summary judgment regarding the flotilla doctrine, Love argues

5

that Osage's motion is "premature in that adjudication of the value of the limitation fund is only necessary if [Osage] first meets its heavy burden to disprove 'privity' with the cause of [Redmond's] death." ECF No. 97 at 12. She further argues that "the limitation fund adjudication can and should wait until the issue is ripe." *Id.* at 13. In addition to the parties' unresolved dispute about whether the flotilla doctrine should apply to the limitation fund, Osage states that it has retained and disclosed an expert witness, who has opined that the value of the M/V RAIN MAN at the time of casualty was $1,677,775.

## CONCLUSION

Love's motion cannot be granted prior to determination of the limitation fund's value, which has not occurred. Because that determination has not occurred, lifting the stay on enforcement of the state court judgment would prejudice Osage's right to litigate all issues related to limitation of liability in federal court. *See In re Osage Marine Servs.*, 2015 WL 5178021, at *3 ("The substance or amount of the limitation fund is a matter relating to the plaintiff's complaint."). As a result, Love's motion will be denied. *See Lewis*, 531 U.S. at 454 (explaining that Rule F injunctions should not be dissolved unless the district court is satisfied that the "vessel owner's right to seek limitation will be protected").

Accordingly,

**IT IS HEREBY ORDERED** that Claimant Candace Love's motion to lift the stay on enforcement of the state court judgment up to $2,000,000 [102] is **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 27th day of December 2024.