UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF OSAGE MARINE SERVICES, INC. FOR EXONERATION FROM, OR LIMITATION OF LIABILITY. | No. 4:21 CV 347 RWS |

## MEMORANDUM AND ORDER TO SHOW CAUSE

"**I expect counsel to work together and resolve basic, routine issues without the assistance of the Court.**" ECF 148. These were the final words in the Order I sent out yesterday following an unnecessarily acrimonious pretrial status conference with counsel. Less than two hours after that Order was docketed, counsel filed a document misleadingly entitled, "Joint Stipulation of Uncontested Facts." ECF 152. This document contains one sentence: "Pursuant to the Court's Case Management Order (Doc. #105), the parties hereby state that they have been unable to reach agreement on any uncontested facts." *Id.*

The parties are required by the governing case management order to file a joint stipulation of all uncontested facts as part of their pretrial submissions. ECF 105. Said stipulations are critical to the orderly administration of justice. They streamline trials and in a bench trial such as this one, they assist the Court in its fact-finding mission by focusing the presentation of evidence to those issues actually in contention and decreasing the substantial burden in issuing a written

decision.  A one-sentence declaration that there is not a *single fact* upon which the parties agree does not meet the requirements of the case management order or my directive to counsel to work cooperatively.  *There are, without a doubt, uncontested facts in this case*.  Procedural facts (such as the nature of suit and date of filing, the history of this case before this Court and the state court, etc.),  the names of the parties, the name of the decedent, the name of the vessel at issue, the date of the accident in question, decedent's presumed date of death, etc.  These are but a few examples of which the Court is aware simply from presiding over this case.  I am confident there are others.

The parties' failure to file even one stipulated fact is wholly unacceptable and must also be attributed to counsel.  The Court cannot, and will not, preside over a bench trial under these circumstances.  This Court continues to expect the parties to cooperate and be civil.

Accordingly,

**IT IS HEREBY ORDERED** that the "Joint Stipulation of Uncontested Facts" [152], filed by the parties on August 19, 2025, is STRICKEN from the record for non-compliance with the governing case management order.

**IT IS FURTHER ORDERED** no later than **12:00 p.m. on Friday, August 22, 2025**, the parties shall file a joint stipulation of uncontested facts which complies with the provisions of the case management order (ECF 105).

**IT IS FURTHER ORDERED** that <u>**no later than 12:00 p.m. on Friday, August 22, 2025, the parties shall each show cause in writing why sanctions should not issue against them and/or their counsel for their failure to comply with the provisions of the case management order.**</u>

**No extensions of time will be granted, and failure to timely comply with the provisions of this Memorandum and Order to Show Cause will result in the imposition of sanctions.**

*[signature]*
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 20th day of August, 2025.