UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

IN THE MATTER OF THE )
COMPLAINT OF OSAGE MARINE )
SERVICES, INC. FOR ) No. 4:21 CV 347 RWS
EXONERATION FROM, OR )
LIMITATION OF LIABILITY. )

## MEMORANDUM AND ORDER

This matter is before me on the pretrial materials filed by the parties in preparation for the bench trial beginning September 8, 2025.  Plaintiff Osage Marine filed a motion seeking in limine rulings on 12 matters (MIL).  ECF 165.  Claimant has responded.  ECF 168.  MIL 7 and 8 are granted without objection by claimant.  As to the remaining MIL, upon due consideration the Court issues the following rulings:

MIL1: Testimony of Claimant.  Denied, as she was at the scene of the accident immediately thereafter and may offer fact testimony.

MIL 2 and 3: Testimony from claimant's retained expert Sam Stephenson.  Denied, as the Court has already informed the parties that it will permit his testimony and assign it whatever weight, if any, that it deems appropriate.

MIL 4 and 11: Coast Guard Form 2692 and other evidence barred from consideration under 46 U.S.C. § 6308.  Granted in part/denied in part as follows: Statements made to the Coast Guard, including the complete Form 2692, and

photographs of the incident are not per se inadmissible under the statute and may

be introduced subject to the proper foundation.  However, the Court is prohibited

from considering the Coast Guard's findings and conclusions themselves.  The

Court will take up any specific objections to such evidence at trial, but the parties

are on notice not to introduce the Coast Guard's findings or report directly, or

indirectly through testimony that merely parrots those findings.

MIL 5: Testimony regarding contract language or agreements.  Granted in

part/denied in part as follows: The Court does not require testimony about the legal

effect of contract language or agreements, but to the extent a party offers testimony

as to how they understood their rights and obligations under the terms of an

agreement, the Court will permit such testimony and assign it whatever weight, if

any, that it deems appropriate.

MIL 6: Evidence of Damages.  Denied as to the issue of prejudgment

interest.  The Court strongly encourages the parties to stipulate to the prejudgment

interest calculation.

MIL 9: Evidence regarding Osage Marine's Admissions of Liability in State

Court.  Granted in part/denied in part as follows: The Court has already issued its

ruling that it will consider these admissions as evidence, though not binding.  ECF

90.  That ruling will not change.  Therefore, the motion is granted only to the

extent claimant seeks to introduce testimony regarding the legal effect of these

admissions, but it is denied to the extent that claimant seeks to introduce the admissions themselves for the Court's consideration.

MIL 10.  Evidence of the Oliver Johnson case.  Denied to the extent claimant offers the evidence as to Osage Marine's knowledge.

MIL 12. Testimony about Rescuing Decedent with Man Overboard Equipment.  Granted in part/denied in part as follows: Fact witnesses may testify about the availability of any man overboard equipment and/or their willingness to use such equipment if available.  However, they are not qualified to render expert testimony as to whether the use of such equipment would have resulted in the rescue of decedent.

As for the parties' deposition designations and objections thereto, in the absence of agreement the use of deposition testimony as substantive evidence shall be governed by the Federal Rules of Civil Procedure and the Federal Rules of Evidence.  The parties are instructed to meet and confer about the use of deposition testimony and to reach agreement, if possible, without further Court intervention. If the Court is expected to rule on witness unavailability, the parties shall so inform the Court prior to the start of the trial.  Deposition testimony offered as substantive evidence will not be read into the record or transcribed by the Court reporter. Instead, that testimony shall be submitted in one (and only one) complete deposition transcript.  Do not submit multiple copies of the same transcript and do

not submit excerpted portions of any transcript. It is the Court's strong preference to accept the whole deposition transcript offered as substantive evidence and accord it such weight as appropriate. However, if the parties insist on only offering a portion of testimony as substantive evidence, then that testimony shall be designated in green on the transcript. Any objections to deposition testimony shall be indicated in red. These designations and counter-designations must be made on the same copy of the transcript, and the full transcript must be supplied to the Court in any event. The parties are instructed to meet and confer to resolve objections, if possible, prior to the marking and submission of deposition transcripts to the Court. This rule does not govern the use of deposition testimony for impeachment purposes at trial.

By 9:00 a.m. on Friday, September 5, 2025, the parties shall file with the Court a joint stipulation of exhibits that may be introduced as evidence without objection.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion in limine [165] is granted in part and denied in part as set forth above.

**IT IS FURTHER ORDERED** no later than **9:00 a.m. on Friday, September 5, 2025**, the parties shall file a joint stipulation of exhibits which may be introduced as evidence without objection.

4

**IT IS FURTHER ORDERED** that as previously scheduled, this **Non-Jury Trial** is set to begin on **Monday, September 8, 2025 at 9:00 a.m.** with the parties appearing at 8:30 a.m. **in Courtroom 14-South.**


_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of September, 2025.